UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERLINDA BERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-517-P |
| ) | |
| KILOLO KIJAKAZI, ) | |
|   Acting Commissioner of the ) | |
|   Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is affirmed.

I. Administrative History and Final Agency Decision

Plaintiff protectively filed her applications for SSI and DIB on March 5, 2018, and March 12, 2018, respectively. AR 19. Plaintiff alleged she became disabled on February 6, 2018. *Id.* The Social Security Administration denied Plaintiff's applications on July 16, 2018, and on reconsideration on June 7, 2019. *Id.*

1

Plaintiff appeared with counsel and testified during a telephonic administrative hearing before an Administrative Law Judge ("ALJ") on July 16, 2020. AR 49-85. A vocational expert ("VE") also testified. AR 80-85. On October 29, 2020, the ALJ issued a partially favorable decision finding Plaintiff was not disabled within the meaning of the Social Security Act from February 6, 2018 through May 30, 2019. 15-40. The ALJ found Plaintiff was disabled beginning on May 31, 2019 through the date of the decision. *Id.*

Following the agency's well-established sequential evaluation procedure, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 6, 2018, the alleged onset date. AR 21. At the second step, the ALJ found that "[p]rior to the established onset date of disability, May 31, 2019," Plaintiff had the following severe impairments: "lumbar spondylosis, status post hip, thoracic, cervical, lumbar, and fibular fractures with residuals; and osteoarthritis." AR 22. Beginning on May 31, 2019, Plaintiff had the following additional severe impairments: cervical degenerative disc disease and cervical cancer. *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. AR 24-25.

At step four, the ALJ found that prior to May 31 2019, Plaintiff had the residual functional capacity ("RFC") to perform a limited range of light work. AR

25. Specifically, Plaintiff could not climb ropes, ladders, or scaffolds, crouch or crawl, or perform work involving any exposure to unprotected heights or extreme hot temperatures. *Id.* She could only occasionally kneel, and frequently climb ramps and stairs and balance on uneven, moving, or narrow surfaces. *Id.*[1]

At step five, the ALJ, relying on the VE's testimony, determined Plaintiff could perform her past relevant work as a fast-food services manager and a fast-food trainee. AR 38. As a result, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, from February 6, 2018 through May 30, 2019. AR 20-21.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. <u>Issue Raised</u>

On appeal, Plaintiff contends the ALJ erred by failing to properly consider the opinion of consultative examiner, Dr. Sidney D. Williams. Doc. No. 14 at 4-10.

III. <u>General Legal Standards Guiding Judicial Review</u>

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a

---

[1] The ALJ made a separate RFC determination for Plaintiff beginning on May 31, 2019. AR 36. However, as Plaintiff's challenge herein is limited to the time period prior to that date, it is unnecessary for the Court to address this aspect of the ALJ's decision.

whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted). The court "meticuously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV.  Analysis

Plaintiff contends the ALJ failed to properly consider Dr. Williams' opinion. The dispute herein primarily centers on whether and/or to what extent Dr. Williams'

consultative examination report constitutes a medical opinion that the ALJ was required to consider for its persuasiveness.

Dr. Williams conducted a consultative examination of Plaintiff on February 21, 2019. AR 1122-28. During his examination, he noted, *inter alia*, "Severe difficulty arising from a seated position. Limping on right hip and knee. Requires a cane for stability. Gait is at 10% of normal speed." AR 1124. In her decision, the ALJ specifically acknowledged these findings. AR 33. However, because Plaintiff contends these findings constitute a medical opinion regarding functional limitations, she asserts the ALJ erred by not indicating whether she found Dr. Williams' opinion persuasive.

Under the prior rules, medical opinions were weighed based on the medical source's relationship to the plaintiff. *See* 20 C.F.R. § 404.1527(c)(1)-(2) (according "more weight" to the opinions of an examining source than a non-examining source and "controlling weight" to a treating source's well-supported opinions that are "not inconsistent with the other substantial evidence" of record). The current rules, however, place no special weight on opinions offered by a treating source or otherwise. *See* 20 C.F.R. § 404.1520c(a) (providing that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . ."). "Instead, medical opinions . . . are evaluated for their

5

persuasiveness according to a uniform set of considerations." *Purdy v. Berryhill*, 887 F.3d 7, 13 n.8 (1st Cir. 2018) (citing 20 C.F.R. § 416.920(c)).

While the considerations "are similar under the prior and current rules, *compare* 20 C.F.R. § 404.1520c(c) . . ., *with* 20 C.F.R. § 404.1527(c) . . ., the prioritization of the factors and requirements for articulating how an adjudicator consider[s] each factor differ." *Silva v. Saul*, No. 19-cv-913 WJ/KK, 2020 WL 4220862, at *4 (D.N.M. July 23, 2020). The five factors to consider are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). Previously, an ALJ gave special consideration to the medical source's relationship to the plaintiff—the third factor. *E.g., Silva*, 2020 WL 4220862, at *4; *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). The current regulations, however, provide that the factors of supportability and consistency are "[t]he most important factors" in considering "the persuasiveness of medical opinions and prior administrative findings." 20 C.F.R. Section 404.1520c(a). In determining the persuasiveness of opinions and findings, an ALJ must explain how he considered the supportability and consistency factors but is not required to explain how he considered the remaining factors. 20 C.F.R. Section 404.1520c(b)(2).

Defendant argues that Dr. Williams did not attribute any particular functional limitations to Plaintiff that would trigger a particular duty on the part of the ALJ in

evaluating the evidence. *See Endriss v. Astrue*, 506 F. App'x 772, 778 (10th Cir. 2012) (stating that "[t]he ALJ was not required to discuss" physician's "notes in her treatment records about the limitations in [the plaintiff's] cervical range of motion" because the notes did not constitute "an opinion . . . that could be evaluated by the ALJ" when the physician "did not opine as to how those limitations would affect [the plaintiff's] ability to function."); *see also Giroux v. Berryhill*, No. CIV-17-139-STE, 2017 WL 5473730, at *3 (W.D. Okla. Nov. 14, 2017) (rejecting allegation that the ALJ failed to account for limitations in the RFC based on physician's opinion because the physician did not articulate any functional limitations).

With regard to the use of medically assistive devices such as a cane, the Social Security guidelines indicate that if such use is required, the ALJ must account for the same. Social Security Rule ("SSR") 96-9p provides:

> Medically required hand-held assistive device: To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). The adjudicator must always consider the particular facts of a case. For example, if a medically required hand-held assistive device is needed only for prolonged ambulation, walking on uneven terrain, or ascending or descending slopes, the unskilled sedentary occupational base will not ordinarily be significantly eroded.

SSR 96-9p, 1996 WL 374185, at *7.

Dr. Williams' examination report is unclear as to whether he was simply making an observation as to Plaintiff's use of the device, or whether he concluded she required a cane in order to ambulate. Presuming without deciding that it was Dr. Williams' conclusion rather than merely an observation, it is less clear this would constitute "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p, 1996 WL 374185, at *7.

In any event, during the administrative hearing, the following exchange occurred between the ALJ and Plaintiff:

Q. And do you ever need a cane or any other assistive device?

A. If I'm very, very tired, I do use it, but - -

Q. What do you use?

A. - - normally, I won't. A cane.

AR 68. The ALJ specifically considered Dr. Williams' examination note that Plaintiff was using a cane for stability. AR 33. When reviewing the record as a whole, including Plaintiff's own testimony, it is clear that substantial evidence supports the ALJ's decision to not incorporate the use of an assistive device, or limitations related thereto, into the RFC.

Plaintiff also argues that Dr. Williams' finding that her gait is 10% of normal speed is a medical opinion regarding a functional limitation that the ALJ must

consider for its persuasiveness. However, this Court has previously rejected such an assertion, concluding that a physician's "observations regarding Plaintiff's [slow speed and antalgic] gait do not constitute a 'medical opinion' about any resulting functional limitations." *Adams v. Comm'r of Soc. Sec'y*, No. CIV-17-1177-SLP, 2018 WL 3372045, at *2 (W.D. Okla. June 18, 2018) (citing 20 C.F.R. [Section] 416.927(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about your impairment(s) including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical and mental restrictions.")), *report and recommendation adopted in full,* 2018 WL 3370572 (W.D. Okla. July 10, 2018).

Finally, Plaintiff contends the ALJ erred by not accounting for Dr. Williams' range of motion findings in the RFC. Dr. Williams found various range of motion limitations in Plaintiff's back, neck, hips, and shoulders. AR 1125-26. However, as the Tenth Circuit has noted, findings of a limited range of motion does not equate to a medical opinion regarding functional limitations affecting a plaintiff's ability to work. *Endriss*, 506 F. App'x at 778 (finding that although physical therapist indicated plaintiff had limitations in her cervical range of motion, she did not opine as to how those limitations would affect the plaintiff's ability to function; therefore, the ALJ did not err by not evaluating the weight to be given to those findings).

V. <u>Conclusion</u>

Based on the foregoing analysis, the decision of Defendant is affirmed. Judgment will issue accordingly.

ENTERED this <u> 20th </u> day of <u>January</u>, 2022.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE